on behalf of the Avalon, Mr. Bruce Kirkland, on behalf of the people, Mr. Marshall Steele. Thank you, Mr. Kirkland. May it please the court and counsel. Good morning, lawyers. My name is Bruce Kirkland, and I represent the defendant appellant, Mr. Donald Mischke. Mr. Mischke comes to this court asking that his case be remanded to the Lake County Circuit Court for resentencing on his convictions for first-degree murder and aggravated driving under the influence. The state, in its brief, acknowledges that the case should be sent back for resentencing. The state does disagree on our request, Mr. Mischke's request, that this court also order that he be resentenced as a Class 4 felon on the aggravated driving while intoxicated, as opposed to the Class 2 sentence, which was handed down. Mr. Mischke has two prior convictions before this incident. Mr. Mears. Mr. Mears. In 1994, he successfully completed court supervision. Also in 1994, he successfully completed a term of conditional discharge. He was convicted for, in this case, simply for driving with drugs in his system. No other add-ons or enhancing factors. So what we have here is a third DUI, a clean case with no complicating add-ons, death of another injury, things like that. And that's important in this case, because I'd like to direct your attention to the DUI statute, D1A. To jump to the point of why shouldn't we follow Halibut's? This is talking about the whole section, the use of the term section as opposed to subsection. Yeah, I think that that's, as I will get to, or as I hope to address, I think the whole statute is poorly drafted. I know in Maldonado, this court observed that these constant public acts that amend this have created this thing that constantly needs review and consideration by a review in court. And what you have, at this point, we have an ambiguous statute, a statute that sets up a scheme where a third DUI is addressed as a Class 4 felony and at the same time a Class 2 felony. And why I say that is if you go to D1A, that's the threshold entry to aggravated DUI, a third DUI. That's how you become an aggravated. But then we've got to go to the sentencing section, which is D. Okay, we've defined aggravated DUI as a third DUI. In 2A, it defines aggravated DUI, the entry level threshold sentence, as a Class 4 felony. Then the very next sentence, the very next section, or paragraph B, they say it's a Class 2 felony if it's a third violation. So what we have is we have a scheme where they say your third DUI makes it aggravated DUI, which is a Class 4 and a Class 2. That's a conflict in the sentencing statutes, and it's a law of no maximum of statutory interpretation that conflicts are resolved in favor of the accused. Under the rule of lenity, right? Yes, sir. So is Helen Woods wrongly decided? It wasn't exactly on point because there they jumped to a Class X versus a Class 2. Correct. But the appellate court in the 4th District held that that was permissible. Right, and they looked at, you know, is it a section, is it a subsection? They addressed that question. You know, they talked about the argument that it's not, it's absurd in the sense of statutory interpretation as opposed to the leniency, to jump from a Class A to a Class 2. They rejected that argument. Well, they had an answer for that. They just said that the legislature perhaps wanted to treat these offenses so seriously. That's true. The legislature has the power to set sentences. But when you take a closer look at it, it just doesn't make sense here what they've done. By saying your third, let's look at what they've done. Your first DUI is a Class A misdemeanor. Your second DUI is a Class A misdemeanor. And then under the interpretation that was applied in the trial court, it goes from Class A to Class 2, skipping all those steps. It's just not logical. It doesn't follow the logical progression of increasing penalties for repeat offenses. Now, this is just, what are you basing it on? Just a normal, logical progression? Or is there a statutory provision or case law you're saying that prevents this from happening? Well, you know, I do concede that the legislature can set sentences, but why would they do it this way? Why, it comes to that, is it absurd? And I think it is absurd. Well, you know, generally speaking, and I understand your argument. If you compare this to the driving on a revoked license section, that also uses the term section. And it's clear they're talking about a violation of the whole section of a driving on a revoked license. So when you look at them, does that give the state's argument a little more credence? Because the same terminology is used, and everybody understands those sentencing provisions. Because they have these additional, convicted of this section while revoked, or while suspended, or while unabated. Should we look at those other provisions, in other words, to see what the intent of the General Assembly was? Well, I think you've got to look at 11-501. You shouldn't be looking at other statutes. You've got to look at the entire vehicle code, sentencing provisions, if we choose to. And I would even note that in 11-501, they refer to sections, subsections, paragraphs, subparagraphs. But I think that's a product of inarticulate drafting, because if you go back to my main point, that a third DUI is defined as a Class IV and a Class II, then everything else doesn't make sense. You know, the whole notion that it's all one section, and that you don't separate out misdemeanors and felonies, it all falls apart once you look at how they've defined DUI, and then how they've applied the sentence for those threshold offenses of a third offense, a third violation of the statute. And that's when you get into, well, how do we make it work on the high number of offenses end of this? When does it become a classic? So you can say that misdemeanors don't count and stuff. That's a separate, more complicated case than what we have. We have a pretty simple case here where we just have a straight-up third violation that is defined as a Class IV and a Class II. And that can't stand. That's a conflict that has to be resolved in favor of Mr. Mischke. If we were to disagree with you and find that it is, and follow the Fourth District case and say that it is a Class II felony and the sentence has to be consecutive, your client is likely to get a greater sentence than he's already received, but a higher aggregate. We recognize that that is a possibility. The court is not bound. He could still give the same sentence on a murder and impose the consecutive sentence. And we address that in our brief where we note that Orna and Housh, they say that it goes back to give the judge the opportunity to craft a sentence on remand. Housh, I'm sorry, let's save the whole case. You know, the trial judge can sentence to more, but it is also possible in this case because he got 26 concurrent with 70. Theoretically, he could give him less. Theoretically, he could give him less also. And your client knows this risk. I mean, maybe he's misbehaved in the penitentiary, and there might be grounds to give him even more. Let me know. Is he aware of these risks? You know, I want to answer very carefully because I have confidentiality restrictions, and I don't want to get into a conversation or repeat my conversations with my client other than to note that, you know, our office policy is to communicate. I know that. It's clear that it is. And I comply with our office policies in every case, if that answers your question. Thank you. So, you know, the cases that have been considered before have these complications of is it an X, is it a 1, the number of when you start getting into 6 and 7. This is a cleaner case. Look at the definition of aggravated DUI, third or greater, then look at the sentencing statute, which says class 4 and a class 2. That can't stand. It has to be resentenced as a class 4 felony. Thank you, Your Honor. Thank you. Mr. Stevens. Thank you. Good morning, Your Honors. Obviously, the centerpiece of my response is People v. Hilarowitz. I think it's directly on point, and it considers all of the points that the defense is making now. Specifically, whether you can have either an option of a class 2 or a class 4? Do they specifically deal with that issue? I'm sorry? He says how can it be both a class 2 and a class 4? Does Hilarowitz deal with that specifically? Oh, I know. Yeah. He's talking about the defense would say the tension between D1A. That's the one that says a person commits a violation for a third or subsequent time, and then that's aggravated battery, and then it says aggravated battery is class 4 versus, and then the very next one it says it's class 2 for three violations. What about the attention? There is no attention. I mean, it does confuse you at first. This is a comprehensive statute, very comprehensive. It covers a lot of DUI activity. I think the way that the legislature organized this is they threw everything that was going to be aggravated battery into section D1, and then sort of a savings clause, they said anything that is not otherwise provided, which is a very important part of that phrase, is going to be a class 4. If we should have failed to make other provisions, it would be a class 4. It's not really that confusing because you could make that argument third or subsequent. You know, third or subsequent. You know, you could say, well, third or subsequent means that all third or subsequent should be class 4, and then that would just negate all the D2 categories, you know, for fourth, fifth, and sixth as well. So I don't think that that's a problem. No, you'd have to get to six or more to be a class 2 then, if his argument is correct. I think his argument is that basically you have to add three to whatever. Right, three, so it's six. Yeah, to this one. So I think that was the explanation is that they faced a problem with organization. They grouped the aggravated batteries or, excuse me, the aggravated DUIs and said these are aggravated DUIs. They have a floor of class 4. Now we'll go to the penalties. I think that's a logical way to look at it, and I think that's the way that Hilarowitz must have looked at it. Have you been following the news with the old quarterback for the Bears, Bob Abilene? No, sir, not in my. He got 18 months. How does he get 18 months if it's his third DUI? Sorry. Maybe it was an agreement. Yeah, sorry, just not my department. That's yours, the record, right? Yeah, sorry. Yeah, it is. So anyway, I think that's the interpretation that I would put on it. I think that makes the language very logical. I might have had a problem if it said for the third, but it says third is subsequent. So that kicks it into, you know, the D to B EPC categories. As far as the necessity for there to be a lean progression, again, Hilarowitz provides the answer. Hilarowitz sort of shot that down. At least they felt that it, quote, it evinces an intent by the legislature to treat these offenses harshly. I'm sorry? I said Hilarowitz basically says that that only evinces an intent to punish these more severely. Exactly. And it picked a threshold. It will give you the first one or two or a relatively minor penalty. It might be an accidental thing. I mean, I'm realizing this is applying, trying to apply penalties to something we all do. What is accidental and what's intentional? By the time you get to a third DUI, you should know you shouldn't be drinking. You should have modified your behavior. So I think it takes care of that problem. As far as, you know, there are some examples like the school bus example. That's just different behavior, completely different. It's not straight DUI. It's DUI, but it's the first DUI. So, you know, the legislature is uniquely suited to consider all the circumstances and set a penalty. And with that, I really have nothing more to add. Thank you very much. Any other questions? Thank you. Mr. Kirkham. Very briefly, Your Honors. I disagree with the statement he emphasizes the language of or subsequent. That's not a factor in this case. We're at that very clean entry-level threshold stage of third DUI with no complications. The statute says it's a class four and a class two. We don't have to worry about the subsequent materials. You know, in the state, essentially, you can see that this is a complicated, hard to fathom. You really got to get into a statute. And this notion that we go from class A to class A to class two to class two, and is that absurd? Does the legislature have the power to do that? It just doesn't make sense. And it's a red flag that says take a close look at this. That's not how the legislature typically does things. They do make the sixth a class X. The statute does make the sixth a class X, correct? So that kind of, I don't know, it does not actually lend itself to your argument. So there is a progression A, A, two, X. Not one, not three, two, one. It's A, A, two, X. I'm a little confused by that. No, the first two offenses, A. Yes. Third offense or more, class two. Sixth, class X. And in the interim, if you get arrested and convicted of a second class two, then it's not probationable. It's a penitentiary sentence. So there does appear to be some logic to it. So long as these sentences are concurrent, what difference does it make whether it's a two or a four or a six? Or class X. They won't. Exactly, they won't. It's got to be concurrent. Because on the remand, I mean. My point is if they're concurrent and it's one to three or it's three to six or seven and they're concurrent, what difference does it make? Because he's not going to be spending any more time in prison regardless of what it is. So I guess what I'm asking you is why did you file the appeal? Because the second issue doesn't seem to make any difference. If it goes back and sent consecutively to a lower class, to a lower sentencing range, it would follow that he has an opportunity. It's a little bit like a football receiver who catches a ball in the end zone. And then after giving the ball with the reference of recess, why didn't you call pass interference on my defender and put the ball either on the two yard line or, you know, don't give me a reception, indicate there's a pass interference and quote unquote give me a touchdown. But maybe in this instance it's not really a touchdown because in this instance it's going to go back and there's a reasonable probability that your client is going to serve more than 26 years. It's a conundrum that I would like you to contemplate. And you've noted that. I have contemplated that for quite some time now and I will continue to do so throughout the process. Thank you very much. Please remand this case for classification. Court's adjourned.